**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JAMES ROBERT COTTER,

      Petitioner,

vs.                        CASE NO. 3:10-cv-1075-J-20TEM
                                         3:08-cr-326-J-20TEM

UNITED STATES OF AMERICA,

      Respondent.
_____

## O R D E R

     This case is before the Court on a document entitled "Response" (Doc. #13) that was filed by Petitioner, as a pro se litigant, on January 4, 2011.  The Court will construe the filing as a motion for delivery of discovery, insofar as Petitioner has specifically requested he be provided "all the downed [sic] loaded documents off Petitioner's confiscated personal computer" (Doc. #13 at 1).

     In an earlier Motion for Delivery of Discovery (Doc. #6) that was filed by the Petitioner, he requested the discovery materials held by his previously appointed counsel, Mr. James H. Burke, Jr., Esq., who represented Petitioner during the sentencing phase of his criminal case.  Petitioner's earlier request was worded so broadly that the Court was concerned the Petitioner was attempting to engage in a general fishing expedition for discovery, which is impermissible.  *See, e.g., United States v. Hollis*, No. 3:04-cr-00140-HRH-JDR, 2010 WL 892196 (D.Alaska, Mar. 10, 2010) (noting a habeas petitioner may not engage in a fishing expedition for the sake of turning up new potential 2255 claims).  Thus the Court denied the motion without prejudice to refiling a request

limited to reflect the sought information is pertinent to the claims he has already raised in pursuit of this 18 U.S.C. § 2255 habeas petition.  (*See* Doc. #11, Court Order.)

In Petitioner's Response to the Court's Order, it appears Petitioner has now limited his discovery request to seeking information downloaded from his computer.   However, the Court cannot grant Petitioner's request for release of that information for the following reasons:

The Petitioner in this matter, i.e. the Defendant in the criminal case,  was charged by Indictment with one count of knowing possession on his computer hard drive of visual depictions of minors engaged in sexually explicit conduct (*see* Doc. #1, Indictment, Case No. 3:08-cr-326-J-20TEM).   Pursuant to a plea agreement (Doc. #25, Case No. 3:08-cr-326-J-20TEM), the Defendant pled guilty to that offense.  In doing so, Petitioner admitted to the Factual Basis (*id.* at pp. 11-14), which contained this description of computer content in a directory labeled in part "Jim Cotter/Pictures:   "The images depicted among other things pre and post pubescent males performing acts of sexual intercourse with adult males and pre and post pubescent males and female children being victimized by sadistic conduct."   Further, the Factual Basis stated a video was found on the computer which showing a "young male child being penetrated anally by an adult male penis." (*See generally*, Doc. #25, Case No. 3:08-cr-326-J-20TEM.)

Under Title 18, U.S.C. § 3509(m), any property that constitutes child pornography in any criminal proceeding shall remain in the care, custody and control of the government or the court.   Courts must deny any request by the defendant to copy such materials, although his counsel is allowed to inspect the materials at a government facility.  *See id.* Thus, Petitioner's trial counsel would not have possession of the computer content.

2

Moreover, the Court would never allow such materials to be sent to an inmate in a federal prison.

Defendant asked for the discovery in furtherance of his habeas case, in which he wishes to contest the Court's enhancement of his sentencing guideline score by four levels, as permitted under U.S.S.G. § 2G2.2(b)(3) if the child pornography portrays "sadistic or masochistic conduct."   Petitioner apparently seeks to argue that the child pornography materials he possessed were not sadistic or masochistic, or that he would have not pled guilty if the Indictment had listed that (*see* Doc. #1).   As mentioned, *supra*, the Factual Basis specifically described some of the images as portraying "sadistic conduct."   Further, the Eleventh Circuit has found that young children being penetrated either vaginally or anally by adult males would have to be painful and that images of such conduct are sadistic images.   *See, e.g., United States v. Hall,* 312 F.3d 1250, 1261-63 (11th Cir. 2002); *United States v. Caro*, 309 F.3d 1348, 1351 (11th Cir. 2002); *United States v. Bender*, 290 F.3d 1279, 1285-86 (11th Cir. 2002), *cert. denied,* 537 U.S. 1037 (2002);   *United States v. Garrett*, 190 F.3d 1220, 1224 (11th Cir. 1999).

Thus, the Court finds no basis for providing the sought discovery under the circumstances of this case.

Having reviewed the instant motion, and upon due consideration, it is hereby **ORDERED:**

Petitioner's Response, construed as a motion for discovery, (Doc. #13) is **DENIED.**

3

**DONE AND ORDERED** at Jacksonville, Florida this 14th day of January, 2011.

Copies to:
United States Attorney (Frein)
*Pro se* Petitioner
FPD (Burke)

**THOMAS E. MORRIS**
United States Magistrate Judge

4